UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HON C. LAU, CDCR #V-15557,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW CATE, Secretary, California Dept. of Corrections and Rehabilitation,<br><br>Defendant. | Civil No.   10-0183 BEN (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

Plaintiff, Hon C. Lau, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California on December 16, 2009.

While Plaintiff's Complaint names the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in Sacramento as the sole Defendant, he seeks a Court

order reversing his prison sentence and transferring him to Hong Kong because unidentified officials in the "R&R" unit at RJD "held" his legal paperwork and prevented his communication with the court related to a criminal appeal. (Compl. at 2-3.) On January 22, 2010, United States Magistrate Judge Kimberly J. Mueller found that because Plaintiff's claim arose in San Diego, venue was proper in the Southern District of California and transferred the case here pursuant to 28 U.S.C. § 1406(a).

Plaintiff did not pay the $350 civil filing fee required by 28 U.S.C. § 1914(a) when he filed this action in the Eastern District; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

### MOTION TO PROCEED IFP [Doc. No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month

///

in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has a current balance of zero and therefore insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).[1]

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

**A.   Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused

---

[1] The Court notes that while Plaintiff filed this civil action in the Eastern District on December 16, 2009, as of January 19, 2010, he is no longer entitled to "bring a civil action or appeal" pursuant to 28 U.S.C. § 1915's IFP provisions so long as he remains incarcerated and fails to allege he is under "imminent danger of serious physical injury." *See Lau v. Olguin*, S.D. Cal. Civil Case No. 10-0523 JAH (RBB) (April 16, 2010 Order denying IFP as barred by 28 U.S.C. § 1915(g) [Doc. No. 3]). Plaintiff's third "strike" in *Lau v. Lockyer*, Civil Case No. 08-05527-JW (N.D. Cal. April 29, 2009) (Order of Dismissal pursuant to 28 U.S.C. § 1915A(b)) became final on January 19, 2010, when the U.S. Supreme Court denied Plaintiff's petition for writ of certiorari. *See Lau v. Brown*, 130 S. Ct. 1148, 78 USLW 3418 (U.S. Jan. 19, 2010) (Mem.) (No. 09-7498). Plaintiff is not precluded by § 1915(g) in this case, however, because he "brought" this action and submitted his Motion to Proceed IFP on December 16, 2009, one month *before* his third strike was final. *See O'Neal v. Price*, 531 F.3d 1146, 1151-52 (9th Cir. 2008).

of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

///
///
///
///

### B. Plaintiff's Allegations

In his Complaint, Plaintiff claims when he was transferred from Corcoran State Prison to RJD on January 19, 2009, the "R&R held [his] legal work for [a] pending criminal appeal" and did not return his property until two months later.[2] (Compl. at 3.) Plaintiff claims that during that time, he was "unable to communicate with [the] court," and as a result he "los[t] his criminal case" and is going to "suffer 50 years to life in prison" for a crime he "never committed." (*Id.*) However, Plaintiff alleges nothing more specific about the nature of his claim and fails to identify the person or persons in the R&R Unit whom he wishes to hold accountable for his injury.

To establish any prima facie case under the Civil Rights Act, 42 U.S.C. § 1983, Plaintiff must allege that "an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law." *Levine v. City of Alameda*, 525 F.3d 903, 905 (9th Cir. 2008).

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1948 (2009). Therefore, to state a claim, Plaintiff must allege direct personal participation by each state actor. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "[A] supervisor [may be held] liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting *Taylor*, 880 F.2d at 1045.)

Plaintiff names only one Defendant in this action: Matthew Cate. Plaintiff alleges only that Cate is employed as the Secretary of the CDCR. (Compl. at 1-2.) However, "a supervising official may be liable in his individual capacity [only] if he 'set in motion a series of acts by

---

[2] "R&R" is an abbreviation for the prison's Receiving and Release Unit. The R&R staff is responsible, in part, for "ensur[ing] inmate property is appropriately handled and accounted for." *See* Cal. Dept. of Corrections & Rehabilitation OPERATIONS MANUAL § 54030.3.1.

others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict constitutional injury.'" *Beck v. City of Upland*, 527 F.3d 853, 871 (9th Cir. 2008) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations omitted)).

Plaintiff does not allege that Cate personally violated his constitutional rights by interfering with his right to communicate with a court. Nor does Plaintiff allege that Cate directed or authorized the acts or omissions of any person in RJD's R&R Unit who subsequently caused the violation of his constitutional rights. *See Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim).[3]

Thus, because § 1983 liability requires allegations of direct personal participation causing constitutional injury, *Iqbal*, 129 S. Ct. at 1948; *Taylor*, 880 F.2d at 1045, and does not, without more permit suit against a state official based solely on the supervisory position that person held at the time subordinates are alleged to have violated the Constitution, *Palmer*, 9 F.3d at 1437-38, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

///
///
///
///

---

[3] The Court notes that even if Plaintiff had alleged Cate personally interfered with his legal paperwork or otherwise directed a subordinate at RJR to prevent his communication with a court, his Complaint still fails to state an access to courts claim. In order to establish a violation of the right to access to the courts, an inmate must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) ("[L]ike any other element of an access claim[,] ... the predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."); *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007), *vacated and remanded on other grounds*, 129 S.Ct. 1036 (2009). In addition, to the extent Plaintiff seeks to directly challenge the "fact or duration of his confinement," he may not do so in a § 1983 suit. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1.

Any Defendant not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: 4/27/2010

Hon. Roger T. Benitez
United States District Judge